CRIMINAL ACTION NO. 16-33-ART

UNITED STATES OF AMERICA                                              PLAINTIFF

V.          **MODIFIED PROTECTIVE ORDER FOR DISCOVERY**

MARIE ANTOINETTE CASTELLI                          DEFENDANT

\*   \*   \*   \*   \*

Pursuant to Fed. R. Crim. P. 16(d)(1), the United States and the Defendant, jointly through counsel, have moved for an Order protecting the discovery materials to be produced by the United States, including those required by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act, and *Brady*/*Giglio* and its progeny. The Motion is hereby GRANTED, and the Court FINDS that the government has a compelling interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter, that such material may include information relevant to ongoing national security investigations and prosecutions, and that such material may implicate the privacy interests of the Defendant and third parties. The Court therefore ORDERS:

1. Discovery material, including unclassified and declassified information, provided by the government in this case shall not be reproduced or disseminated to persons not a party to, or involved in, this case, and that the defendant shall have access to the materials in the presence of counsel or

under the following conditions while she is incarcerated:

　　i. When issued to the Defendant by the jail personnel;

　　ii. The Defendant may view the materials only on a computer;

　　iii. The jail shall allow this review of this electronic discovery to occur only in an area which does not have available internet access. The Defendant may view the materials in a room or facility in which no other persons are present for up to 8 hours per day;

　　iv. The Defendant must submit to a search of her person before and after viewing the materials;

　　v. A log of when the materials are issued and retrieved must be maintained;

　　vi. The materials and any computer or peripheral device must be secured by jail personnel when not being viewed by the Defendant, including any notes taken by the Defendant;

　　vii. No member of the Jail staff, including but not limited to guards, shall access or review the computer contents, peripheral devices, or notes of the Defendant; and

　　viii. The Defendant may not retain any of the materials or copies thereof outside of the viewing facility.

2. Copies of discovery material will only be provided to those persons employed by defense counsel, and who are necessary to assist counsel in preparation for trial, and to such persons as the defense deems necessary to further legitimate investigation and preparation of this case. All persons employed by defense counsel in this case shall receive a copy of this Protective Order and shall return any copies to defense counsel.
3. All materials are to be used by the parties solely for the purpose of allowing the parties to prepare their case and that none of the materials produced by the government shall be disseminated by the government or the defense to the media.
4. All materials that are provided to the defense in this case are now and will forever remain the property of the United States Government. Defense counsel will return the materials, and all copies thereof, to the government at the conclusion of the case and it will erase from its computers and servers any of the materials that exist in electronic form. Any derivative materials such as copies, transcripts, and any other product in any way derived from discovery materials shall be returned to the government at the conclusion of the case. Attorney work product derived from discovery materials, such as attorney notes, shall be destroyed when all matters in the case are resolved.
5. All materials that are provided to the defense may not remain in the physical possession of the Defendant at any time other than during review with defense

counsel and/or the members of the defense team. At no time will the Defendant be left unaccompanied by counsel and/or a member of the defense team when she is reviewing the materials.

6. Information about the actual or cover identities of government undercover employees, including but not limited to the usernames and account identifiers used to communicate online, shall be handled as follows:

    a. The defendant and counsel (including any member of the defense team or person subject to this Order) will not publicly disclose the actual or cover names, or any other identifying information, of any undercover employee in any pretrial filing or at any pretrial hearing in open court;

    b. The Defendant and her counsel will not show or provide any declassified information about an undercover employee except to (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the Defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense.

7. Information about the actual or cover identities of any confidential human sources, including but not limited to the usernames and account identifiers used to communicate online, shall be handled as follows:

8. The defendant and counsel (including any member of the defense team or person subject to this Order) will not publicly disclose the actual or cover names, or any other identifying information, of any confidential human source in any pretrial filing or at any pretrial hearing in open court;

    a. The Defendant and her counsel will not show or provide any declassified information about a confidential human source except to (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the Defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense.

    b. Any papers to be served upon the Court by either party that include sensitive materials as identified by either party, or refer to the contents of sensitive materials as identified by either party, shall be filed under seal. Neither the government nor the defense shall disclose any designated sensitive material to lay witnesses.

9. Except as limited in Paragraphs 6 and 7 above, this protective order does not in any manner limit the right of defense counsel to reproduce or disseminate any information or document obtained from sources other than the government, even if the same information is within the material provided to the defense by the government in the discovery process.

10. If the defendant obtains substitute counsel, the defense counsel of

record will not transfer any portion of the discovery material or any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material.

11. This protective order does not apply to information that remains classified. All classified information will be governed by all applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. 3 § 1 et seq., and any Order of this Court.

12. If any party believes an exception should be made to this protective order, the parties will confer and then seek guidance from this Court as necessary. The parties will advise the Court by letter of any agreed-upon exceptions made to the protective order.

13. Nothing in this Order shall preclude the government or the Defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

Signed this 13th day of February, 2017.

Signed By:
*Candace J. Smith*
United States Magistrate Judge